IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| United States of America,<br><br>      Plaintiff,<br><br>  v.<br><br>Aerosols Danville, Inc., et al.,<br><br>      Defendants. | Civil Action No. 25-10115-WGY<br><br><br><br>Consolidated with: |
| Commonwealth of Massachusetts,<br><br>      Plaintiff,<br><br>  v.<br><br>Aerosols Danville, Inc., et al.,<br><br>      Defendants. | Civil Action No. 25-10118-WGY |

**JOINT MOTION FOR EXTENSION OF TIME
<u>FOR DEFENDANTS TO RESPOND TO COMPLAINTS</u>**

The parties in this consolidated action jointly submit this request for a 60-day extension of the deadlines for Defendants' responses to the complaints filed by the United States of America ("United States") and the Commonwealth of Massachusetts ("Commonwealth"). This is the parties' first request for an extension of time for this purpose. Counsel for the non-federal defendants and counsel for co-Plaintiff, the Commonwealth of Massachusetts, have authorized the undersigned counsel for the United States to file this motion on the parties' behalf. In support of this motion, the parties state as follows:

1. On January 16, 2025, the United States filed a complaint in the above-captioned action. Civil Action No. 25-10115, ECF No. 1 (*hereinafter* "U.S. Complaint"). On the same date, the Commonwealth filed a complaint that was docketed as ECF No. 1 in Civil Action No. 25-10118 (*hereinafter* "Mass. Complaint"). On an assented-to motion filed by the United States, the Court subsequently consolidated the two actions and closed Civil Action No. 25-10118. ECF Nos. 7 & 8.

2. The U.S. Complaint and the Mass. Complaint both allege that releases of hazardous substances at the Shpack Landfill Site ("Site"), located in the City of Attleboro, Massachusetts and the Town of Norton, Massachusetts, caused injuries to natural resources at or related to the Site, including sediment, soil, wetlands, and wildlife, and those injuries resulted in a loss of these resources as well as the ecological services that these resources would otherwise have provided. In the U.S. Complaint, the United States seeks natural resource damages ("NRD") and the recovery of its NRD assessment costs, under Section 107 of CERCLA, 42 U.S.C. § 9607, from thirteen defendants[1] (*hereinafter*, the "Shpack Site Group Defendants"), which are represented by Michael P. Last of Verrill Dana, LLP and from Town of Norton, Massachusetts, which is represented by Mark R. Reich of KP Law P.C.

---

[1] Aerosols Danville, Inc., f/k/a KIK Custom Products, Inc.; Avnet, Inc.; Bank of America, N.A., Trustee u/w of Lloyd G. Balfour; BASF Catalysts LLC; Chevron Environmental Management Company, for itself and as Attorney-in-Fact for Kewanee Industries, Inc.; City of Attleboro, Massachusetts; ConocoPhillips Company; Handy & Harman; International Paper Company; Swank Holdings, Inc.; Teknor Apex Company; Texas Instruments Incorporated; and Waste Management of Massachusetts, Inc.

3. In the Mass. Complaint, the Commonwealth similarly seeks NRD related to the Site and the recovery of its NRD assessment costs from the same fourteen defendants, under Section 107 of CERCLA, 42 U.S.C. § 9607 and the Massachusetts Oil and Hazardous Material Release Prevention and Response Act, Mass. Gen Laws ch. 21E, §§ 1-22. The Mass. Complaint also seeks the same relief from the United States Department of Energy, under Section 107 of CERCLA, 42 U.S.C. § 9607.

4. On the same date that the complaints were filed, the United States lodged with the Court a proposed Consent Decree signed by all parties, which would resolve the claims asserted in the U.S Complaint and the Mass. Complaint. *See* ECF Nos. 4 (Notice of Lodging) and 4-1 (Consent Decree). In accordance with Paragraph 35 of the Consent Decree, the United States published a notice of the lodged Consent Decree in the Federal Register, which triggered a 30-day period in which the public could submit comments on the proposed settlement. The public comment period has closed. The United States received no comments.

5. With respect to a consent decree like the one proposed here, current procedures require management officials within the United States Department of Justice ("DOJ") to authorize the filing of a motion to enter the consent decree as a final judgment. At present, the request for authorization to file a motion to enter the proposed Consent Decree in this case remains pending with DOJ management.

6. Under Rule 4(m) of the Federal Rules of Civil Procedure, service of process of a complaint must be completed within 90 days after the complaint is

3

filed. Here, Rule 4(m) required the completion of service by April 16, 2025 for both the U.S. Complaint and the Mass. Complaint. The Shpack Site Group Defendants and Town of Norton, Massachusetts (collectively, the "Non-Federal Defendants") have agreed to waive service under Rule 4(d) with respect to both complaints. The United States filed those defendants' signed waivers with the Court on April 10, 2025. ECF Nos. 9 & 10.

7. Under Rule 4(d), the Non-Federal Defendants' responses to the complaints are due 60 days after the date that the United States submitted its written waiver request to the Non-Federal Defendants (April 7, 2025), which, in this case, is June 6, 2025.[2]

8. Pursuant to Rule 4(i), the Commonwealth served the United States Department of Energy with the summons for the Mass. Complaint on April 9, 2025. ECF No. 11 ¶ 4. Under Rule 12(a)(2), the United States must respond to the Mass. Complaint within 60 days after service—in this case, by June 8, 2025.

9. If, however, the United States and the Commonwealth determine to proceed with entry of the proposed settlement, there would be no need for Defendants to incur the time and expense associated with preparing and filing responses to the complaints.

---

[2] However, Paragraph 38 of the proposed Consent Decree (ECF No. 4-1) states that "The Parties agree that the Settling Defendants and the Settling Federal Agency, with respect to the Commonwealth's claim against it, need not file an answer to the complaints in this action unless or until: (i) the United States or the Commonwealth has notified the Settling Defendants or, with respect to the Commonwealth, the Settling Federal Agency, in writing that it no longer supports entry of this Consent Decree; or (ii) the Court expressly declines to enter this Consent Decree."

10. "[I]t is the policy of the law to encourage settlements." *United States v. Cannons Eng'g Corp.*, 899 F.2d 79, 84 (1st Cir. 1990). Indeed, in the First Circuit, there is "a strong public policy in favor of settlements, particularly in very complex and technical regulatory contexts." *United States v. Comunidades Unidas Contra la Contaminacion*, 204 F.3d 275, 280 (1st Cir. 2000).

11. Therefore, in the interest of judicial economy, and considering the strong public policy encouraging settlement, the parties respectfully request that the Court extend the deadline for all Defendants to respond to the complaints by 60 days, through and including August 5, 2025 for the Non-Federal Defendants and through and including August 7, 2025 for the United States Department of Energy.

Respectfully submitted,

/s/Andrew W. Keir
Andrew W. Keir
Senior Counsel
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
andrew.w.keir@usdoj.gov
(202) 532-2228
Phillip R. Dupre
Senior Attorney
Environmental Defense Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044 7611
Phillip.R.Dupre@usdoj.gov
(202) 616-7501

/s/ Seth Schofield
Seth Schofield
Senior Appellate Counsel
Energy and Environment Bureau
Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
seth.schofield@mass.gov
(617) 963-2436

LEAH B. FOLEY
United States Attorney, District of Massachusetts

Hillary H. Harnett
Assistant United States Attorney
U.S. Attorney's Office
John J. Moakley U.S. Courthouse
One Courthouse Way, Suite 9200
Boston, MA 02210
Hillary.Harnett@usdoj.gov
(617) 748-3252

*/s/ Michael P. Last*
Michael P. Last
Counsel
Verrill Dana, LLP
One Federal Street, 20th Floor
Boston, MA 02110
mlast@verrill-law.com
(617) 357-3738

*/s/ Mark R. Reich*
Mark R. Reich
KP Law P.C.
101 Arch Street, 12th Floor
Boston, MA 02110
MReich@k-plaw.com
(617) 654-1786

CERTIFICATE OF SERVICE

      I certify that on May 19, 2025, I caused to be served the foregoing Joint Motion for Extension of Time for Defendants to Respond to Complaints by email and/or through the Court's CMECF system upon the following counsel:

*Via email*:
Michael P. Last
Counsel
Verrill Dana, LLP
One Federal Street, 20th Floor
Boston, MA 02110
mlast@verrill-law.com
(617) 357-3738

*Via email and CMECF*:
Seth Schofield
Senior Appellate Counsel
Energy and Environment Bureau
Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
seth.schofield@mass.gov
(617) 963-2436

*Via email*:
Mark R. Reich
KP Law P.C.
101 Arch Street, 12th Floor
Boston, MA 02110
MReich@k-plaw.com
(617) 654-1786

                                               */s/Andrew W. Keir*
                                               ANDREW W. KEIR
                                               Senior Counsel
                                               Environmental Enforcement Section
                                               Environment and Natural Resources Division
                                               United States Department of Justice
                                               P.O. Box 7611, Ben Franklin Station
                                               Washington, DC 20044-7611
                                               (202) 532-2228
                                               andrew.w.keir@usdoj.gov