## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>and<br><br>COMMONWEALTH OF MASSACHUSETTS<br><br>Plaintiffs<br><br>v.<br><br>AEROSOLS DANVILLE, INC., et al.,<br><br>Defendants | CIVIL ACTION NO. 25-10115-WGY |

## <u>CONSENT DECREE</u>

## I. BACKGROUND

A.    The United States of America ("United States"), on behalf of the Secretary of the United States Department of the Interior ("DOI"), filed a complaint in this action under Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, ("CERCLA"), 42 U.S.C. § 9607, for Natural Resource Damages as a result of releases of hazardous substances to the Shpack Landfill Site in Attleboro and Norton, Massachusetts.

B.    The United States' complaint alleges that the Settling Defendants are liable under CERCLA for damages for injury to, destruction of, or loss of natural resources, or loss of natural resource services resulting from the release of hazardous substances at the "Site," as defined herein.  Under 42 U.S.C. §§ 9607(f)(2)(B), 9615, Executive Order 12580, and the National Contingency Plan, 40 C.F.R. Part 300, DOI, through the United States Fish and Wildlife Service

("FWS"), has been delegated authority to act as the Federal Trustee for natural resources impacted by the release of hazardous substances at or from the Site, as hereafter defined.

      C.      The Commonwealth of Massachusetts, on behalf of the Secretary for the Executive Office of Energy and Environmental Affairs ("EEA"), acting by and through the Massachusetts Department of Environmental Protection ("MassDEP") (collectively, the "Commonwealth"), also filed a complaint against (i) the Settling Defendants in this Court alleging that the Settling Defendants are liable to the Commonwealth for injury to natural resources under Section 107 of CERCLA, 42 U.S.C. § 9607, and under the Massachusetts Oil and Hazardous Material Release Prevention and Response Act, Mass. Gen. Laws ch. 21E, §§ 1-22, and (ii) the Settling Federal Agency alleging that the Settling Federal Agency, as defined below, is liable to the Commonwealth for injury to natural resources under Section 107 of CERCLA, 42 U.S.C. § 9607. The EEA Secretary is the Commonwealth official designated to act on behalf of the public as trustee for natural resources managed or protected by the Commonwealth and its agencies that have been affected by the release of hazardous substances, hazardous material, and/or oil. Mass. Gen. Laws ch. 21A, § 2A; 42 U.S.C. § 9607(f)(2); 40 C.F.R. § 300.605.

      D.      By entry into this Consent Decree, neither the Settling Defendants nor the Settling Federal Agency admit to any finding of fact or law or any liability to the Plaintiffs arising out of the transactions or occurrences alleged in the complaint.

      E.      The Trustees believe the obligations of the Settling Defendants and the Settling Federal Agency under this Consent Decree constitute appropriate compensation for Natural Resources Damages, as defined herein, arising from the release of hazardous substances and, as to the state law claim, the release of hazardous material and/or oil, at and from the Site.

2

F.      The Parties to this Consent Decree recognize, and the Court by entering this Consent Decree finds, that this Consent Decree: (i) has been negotiated by the Parties in good faith; (ii) will avoid prolonged and complicated litigation among the Parties; (iii) will expedite natural resource restoration actions to be performed by the Trustees; and (iv) is fair, reasonable, and in the public interest.

NOW, THEREFORE, it is hereby Ordered, Adjudged, and Decreed:

## II. JURISDICTION

1.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345, and Sections 107 and 113(b) of CERCLA, 42 U.S.C. §§ 9607 and 9613(b).  This Court also has supplemental jurisdiction over the subject matter of the Commonwealth's state law claim under 28 U.S.C. § 1367(a).  The Court has personal jurisdiction over the Settling Defendants.  Solely for the purposes of this Consent Decree and the underlying complaints, the Settling Defendants waive all objections and defenses that they may have to jurisdiction of the Court or to venue in this District.  The Settling Defendants shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

2.      This Consent Decree applies to and is binding upon the United States, the Commonwealth, and upon the Settling Defendants and their successors and assigns.  Any change in ownership or corporate status of the Settling Defendants including, but not limited to, any transfer of assets or real or personal property, shall in no way alter the Settling Defendants' responsibilities under this Consent Decree.

## IV. DEFINITIONS

3.      Unless otherwise expressly provided herein, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations.  Whenever terms listed below are used in this Consent Decree or in the appendices attached hereto and incorporated hereunder, the following definitions shall apply:

        a.      "CERCLA" means the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. §§ 9601-75.

        b.      "Commonwealth" means the Commonwealth of Massachusetts.

        c.      "Commonwealth Interest," shall mean interest at the rate set forth in Mass. Gen. Laws ch. 21E, § 13.

        d.      "Commonwealth Trustee" means the EEA Secretary acting through MassDEP.

        e.      "Consent Decree" means this Consent Decree and all appendices attached hereto (listed in Section XIV (Appendices)).  In the event of conflict between this Consent Decree and any appendix, this Consent Decree shall control.

        f.      "Day" means a calendar day unless expressly stated to be a working day. "Working Day" shall mean a day other than a Saturday, Sunday, or Federal holiday. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or Federal holiday, the period shall run until the close of business of the next working day.

4

g.      "DOI" means the United States Department of the Interior and any successor departments or agencies of the United States.

h.      "EEA" means the Executive Office of Energy and Environmental Affairs of the Commonwealth of Massachusetts.

i.      "Effective Date" means the effective date of this Consent Decree as provided by Section XV of this Consent Decree (Effective Date and Retention of Jurisdiction).

j.      "Federal Trustee" shall mean DOI, acting through the FWS.

k.      "Federal Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year.

l.      "Fund Account" shall mean a segregated sub-account within the Natural Resource Damage Assessment and Restoration ("NRDAR") Fund, to be managed by DOI for the joint benefit and use of the Trustees to pay for Trustee-sponsored natural resource restoration projects in accordance with Section VIII.

m.      "FWS" shall mean the United States Fish and Wildlife Service.

n.      "MassDEP" means the Massachusetts Department of Environmental Protection.

5

o.    "Natural Resource" or "Natural Resources" means land, fish, wildlife, biota, air, water, ground water, drinking water supplies, and recreational and other services provided by such resources, belonging to, managed by, held in trust by, appertaining to, or otherwise controlled by the United States and/or the Commonwealth.

p.    "Natural Resource Damages" means any damages recoverable by the United States and/or the Commonwealth on behalf of the public, for injury to, destruction of, loss of, loss of use of, loss of services (including ecological services as well as direct and passive human use losses), or impairment of Natural Resources at the "Site" as a result of a release of hazardous substances and, in the case of the Commonwealth's claim under Mass. Gen. Laws ch. 21E, § 5, damages as the result of a release of hazardous material or oil, including, but not limited to: (i) the reasonable costs of assessing such injury, destruction, or loss or impairment arising from or relating to such a release, including, without limitation, all Past Assessment Costs as hereinafter defined; (ii) the costs of restoration, rehabilitation, or replacement of injured or lost Natural Resources or of acquisition of equivalent resources; (iii) the costs of planning such restoration activities; (iv) compensation for injury, destruction, loss, loss of use, or impairment of Natural Resources; and (v) each of the categories of recoverable damages described in 43 C.F.R. § 11.15.

q.    "Paragraph" means a portion of this Consent Decree identified by an Arabic numeral or an upper case letter.

r.    "Parties" means the United States, the Commonwealth, and the Settling Defendants; "Party" means any of the Parties, individually.

6

s.    "Past Assessment Costs" means costs incurred by the respective Trustees through the Effective Date.

t.    "Plaintiffs" means the United States and the Commonwealth.

u.    "Shpack Site Group" means all Settling Defendants, except for the Town of Norton, Massachusetts.

v.    "Section" means a portion of this Consent Decree identified by a roman numeral.

w.    "Settling Defendants" means the entities identified in Appendix A of this Consent Decree.

x.    "Settling Federal Agency" shall mean the United States Department of Energy and its predecessor departments, agencies, or instrumentalities, including the Atomic Energy Commission, and any successor departments, agencies, or instrumentalities.

y.    "Site" means the Shpack Landfill Site in Attleboro and Norton, Massachusetts, as depicted on the map attached as Appendix B.

z.    "Subparagraph" means a portion of this Consent Decree identified by a lower case letter or an Arabic numeral in parentheses.

aa.    "United States" means the United States of America and all of its departments, agencies, and instrumentalities, including DOI and the Settling Federal Agency.

bb.    "Trustees" means the Federal Trustee and the Commonwealth Trustee.

## V. STATEMENT OF PURPOSE

4.      The mutual objectives of the Parties in entering into this Consent Decree are:

(i) to contribute to the restoration, replacement, or acquisition of the equivalent of the natural

resources allegedly injured, destroyed, or lost as a result of hazardous substance releases (or in

the case of the Commonwealth's separate Chapter 21E claim with respect to the Settling

Defendants, hazardous material and/or oil releases) at and from the Site; (ii) to reimburse

reasonable natural resource damage assessment costs incurred by the Trustees; (iii) to resolve the

liability of the Settling Defendants and the Settling Federal Agency for Natural Resource

Damages as provided herein; and (iv) to avoid potentially costly and time-consuming litigation.

## VI. PAYMENTS BY THE SETTLING DEFENDANTS

5.      Within 45 days after the Effective Date, the Settling Defendants shall collectively

pay a total of $1,428,000 to the Plaintiffs, as follows:

   a.      *Payment for Trustee Sponsored Natural Resource Restoration Project(s).*

The Settling Defendants shall collectively pay a total of $1,261,030.92 to the United States and

the Commonwealth Trustees jointly for Natural Resources Damages.  Payment shall be made by

FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account for the

benefit of the Trustees in accordance with current EFT procedures, referencing DOJ Case

Number 90-11-2-08360/4.  Payment shall be made in accordance with instructions provided to

Common Counsel to the Shpack Site Group, with a copy to Counsel to the Town of Norton,

Massachusetts (as set forth in Appendix C), by the United States Attorney's Office for the

District of Massachusetts.  Any payments received by the Department of Justice after 4:00 p.m.

(Eastern Time) will be credited on the next business day.  The total amount to be paid by Settling

Defendants under this Subparagraph 5.a., shall be deposited in the Fund Account.  In the event

the payment required by this subparagraph is not made when due, the Settling Defendants shall pay Federal Interest on the unpaid balance commencing on the Effective Date and accruing through the date of full payment, where full payment shall include all interest and any stipulated damages (pursuant to Subparagraph 7.a) then due.

        b.    *Payment for Past Assessment Costs Incurred by DOI/FWS.* The Settling Defendants shall collectively pay a total of $92,384.30 to the United States for Past Assessment Costs incurred by DOI/FWS. Payment shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with current EFT procedures, referencing DOJ Case Number 90-11-2-08360/4. Payment shall be made in accordance with instructions provided to Common Counsel to the Shpack Site Group, with a copy to Counsel to the Town of Norton, Massachusetts (as set forth in Appendix C), by the United States Attorney's Office for the District of Massachusetts. Any payments received by the Department of Justice after 4:00 p.m. (Eastern Time) will be credited on the next business day. In the event the payment required by this subparagraph is not made when due, the Settling Defendants shall pay Federal Interest on the unpaid balance commencing on the Effective Date and accruing through the date of full payment, where full payment shall include all interest and any stipulated damages (pursuant to Subparagraph 7.a) then due.

        c.    *Payment for Past Assessment Costs Incurred by the Commonwealth.* The Settling Defendants shall collectively pay $74,584.78 to the Commonwealth for Past Assessment Costs incurred by the Commonwealth. Payment shall be made by EFT to MassDEP in accordance with current EFT procedures, referencing "Natural Resource Damages Trust – Account 2200-2676". Payment shall be made in accordance with instructions provided to Common Counsel to the Shpack Site Group, with a copy to Counsel to the Town of Norton,

Massachusetts (as set forth in Appendix C), by the Massachusetts Office of the Attorney General or by MassDEP. In the event the payment required by this subparagraph is not made when due, the Settling Defendants shall pay Commonwealth Interest on the unpaid balance commencing on the Effective Date and accruing through the date of full payment, where full payment shall include all interest and any stipulated damages (pursuant to Subparagraph 7.a) then due.

6. Notice of Payment. Upon making any payment under Paragraph 5, Settling Defendants shall send written notice that payment has been made to the United States, DOI/FWS, the Commonwealth, and MassDEP, in accordance with Paragraph 28 and Appendix C.

7. Non-Compliance with Payment Obligations.

a. *Stipulated Damages*. In addition to the interest required to be paid under Paragraph 5, if any payment required by Paragraph 5 is not made when due, the Settling Defendants shall also pay stipulated damages of $2,500 per day for the first 14 days that a payment is late, $5,000 for the days 15 through 30 that a payment is late, and $7,500 per day thereafter that a payment is late through the date of full payment. Full payment shall include all stipulated damages then due.

b. *Payment of Interest and Stipulated Damages*. Any interest payments under Paragraph 5 and any stipulated damages payments under Subparagraph 7.a. shall be paid in the same manner as the overdue principal amount and shall be directed to the same fund or account as the overdue principal amount. Any stipulated penalties for payments due to the United States and the Commonwealth Trustees jointly shall be paid fifty percent (50%) to each, as follows. Fifty percent (50%) of any stipulated damages payments under Subparagraph 7.a

shall be paid to the United States in accordance with payment instructions provided to Common

Counsel to the Shpack Site Group, with a copy to Counsel to the Town of Norton, Massachusetts

(as set forth in Appendix C), by the United States Attorney's Office for the District of

Massachusetts, and shall be deposited in the United States Treasury. Fifty percent (50%) of any

stipulated damages payments under Subparagraph 7.a. shall be paid to the Commonwealth, in

accordance with the instructions set forth in Paragraph 5.c.

8.      Full payment of the amounts required under Paragraphs 5 and 7 constitutes

satisfactory performance by the Settling Defendants for the purpose of Paragraphs 15 and 17.

## VII.   PAYMENTS BY THE SETTLING FEDERAL AGENCY

9.      As soon as reasonably practicable after the Effective Date, the United States, on

behalf of the Settling Federal Agency, will pay a total of $672,000 to the Plaintiffs, as follows:

a.      *Payment for Trustee Sponsored Natural Resource Restoration Project(s).*
As soon as reasonably practicable after the Effective Date, the United States, on behalf of the

Settling Federal Agency, shall pay a total of $593,426.31 to the United States and the

Commonwealth Trustees jointly for Natural Resources Damages. Payment shall be made to the

Fund Account. In the event the payment required by this subparagraph is not made within 90

days after the Effective Date, the United States, on behalf of the Settling Federal Agency, shall

pay Federal Interest on the unpaid balance commencing on the Effective Date and accruing

through the date of full payment, where full payment shall include all interest then due.

b.      *Payment for Past Assessment Costs Incurred by DOI/FWS.* As soon as
reasonably practicable after the Effective Date, the United States, on behalf of the Settling

Federal Agency, shall pay a total of $43,474.97 to the United States for Past Assessment Costs

incurred by DOI/FWS.  In the event the payment required by this subparagraph is not made within 90 days after the Effective Date, the United States, on behalf of the Settling Federal Agency, shall pay Federal Interest on the unpaid balance commencing on the Effective Date and accruing through the date of full payment, where full payment shall include all interest then due.

        c.    *Payment for Past Assessment Costs Incurred by the Commonwealth.* As soon as reasonably practicable after the Effective Date, the United States, on behalf of the Settling Federal Agency, shall pay a total of $35,098.72 to the Commonwealth for Past Assessment Costs incurred by the Commonwealth.  Payment shall be made as set forth in Subparagraph 5.c.  In the event the payment required by this subparagraph is not made within 90 days after the Effective Date, the United States, on behalf of the Settling Federal Agency, shall pay Federal Interest on the unpaid balance commencing on the Effective Date and accruing through the date of full payment, where full payment shall include all interest then due.

        10.    Full payment of the amounts required under Paragraph 9 constitutes satisfactory performance by the Settling Federal Agency for the purpose of Paragraphs 16 and 18.  If the amounts due under Paragraph 9 are not paid fully by the Settling Federal Agency due to Paragraph 11, then the Settling Federal Agency shall not have satisfactorily performed for the purpose of Paragraphs 16 and 18.

        11.    The United States' payments on behalf of the Settling Federal Agency under this Consent Decree can only be paid from appropriated funds legally available for such purpose. Nothing in this Consent Decree constitutes a commitment or requirement that the Settling Federal Agency obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

## VIII. TRUSTEE-SPONSORED NATURAL RESOURCE RESTORATION PROJECTS

12.    *Management and Application of Funds.*  All funds deposited in the Fund Account under Subparagraph 5.a and Subparagraph 9.a. shall be managed by DOI for the joint benefit and use of the Trustees to pay for Trustee-sponsored natural resource restoration efforts in accordance with this Consent Decree.  All such funds shall be applied toward the costs of restoration, rehabilitation, or replacement of injured natural resources, and/or acquisition of equivalent resources, including but not limited to any administrative costs and expenses necessary for, and incidental to, restoration, rehabilitation, replacement, and/or acquisition of equivalent resources, restoration planning, and any restoration, rehabilitation, replacement, and/or acquisition of equivalent resources undertaken.

13.    *Restoration Planning.*  The Trustees intend to prepare a separate Restoration Plan describing how the funds dedicated for Trustee-sponsored natural resource restoration efforts under this Section will be used.  As provided by 43 C.F.R. § 11.93, the Plan will identify how funds will be used for restoration, rehabilitation, replacement, or acquisition of equivalent resources.  The Plan may also identify how funds will be used to address services lost to the public until restoration, rehabilitation, replacement, and/or acquisition of equivalent resources is completed.

14.    Decisions regarding any use or expenditure of funds under this Section shall be made by unanimous agreement of the Trustees.  The Settling Defendants and the Settling Federal Agency shall not be entitled to dispute, in any forum or proceeding, any decision relating to use of funds or restoration efforts under this Section.

## IX.  COVENANTS BY THE PLAINTIFFS

15.    *Covenant by the United States for the Settling Defendants*.  Except as specifically provided by Paragraph 19 (General Reservations) and Paragraph 20 (Special Reservations Regarding Natural Resource Damages), the United States covenants not to sue or take administrative action against the Settling Defendants for Natural Resource Damages related to the Site under CERCLA Section 107, 42 U.S.C. § 9607.  This covenant shall take effect upon the Effective Date.  This covenant is conditioned upon the satisfactory performance by the Settling Defendants of their obligations under this Consent Decree.

16.    *Covenant by the Federal Trustee for the Settling Federal Agency.*  Except as specifically provided by Paragraph 19 (General Reservations) and Paragraph 20 (Special Reservations Regarding Natural Resource Damages), the Federal Trustee covenants not to take administrative action against the Settling Federal Agency for Natural Resource Damages related to the Site under CERCLA Section 107, 42 U.S.C. § 9607.  This covenant shall take effect upon the Effective Date.  This covenant is conditioned upon the satisfactory performance by the Settling Federal Agency of its obligations under this Consent Decree.

17.    *Covenant by the Commonwealth for the Settling Defendants*.  Except as specifically provided by Paragraph 19 (General Reservations) and Paragraph 20 (Special Reservations Regarding Natural Resource Damages), the Commonwealth covenants not to sue or take administrative action against the Settling Defendants for Natural Resource Damages under CERCLA Section 107, 42 U.S.C. § 9607, or under the Massachusetts Oil and Hazardous Material Release Prevention and Response Act, Mass. Gen Laws ch. 21E, §§ 1-22, or any other statutory law, or any common law.  This covenant shall take effect upon the Effective Date.  This

covenant is conditioned upon the satisfactory performance by the Settling Defendants of their obligations under this Consent Decree.

18. *Covenant by the Commonwealth for the Settling Federal Agency.*  Except as specifically provided by Paragraph 19 (General Reservations) and Paragraph 20 (Special Reservations Regarding Natural Resource Damages), the Commonwealth covenants not to sue or take administrative action against the Settling Federal Agency for Natural Resource Damages under CERCLA Section 107, 42 U.S.C. § 9607.  This covenant shall take effect upon the Effective Date.  This covenant is conditioned upon the satisfactory performance by the Settling Federal Agency of its obligations under this Consent Decree.

## X. RESERVATION OF RIGHTS BY PLAINTIFFS

19. *General Reservations.*  Notwithstanding any other provision of this Consent Decree, the United States and the Commonwealth reserve, and this Consent Decree is without prejudice to, all rights against Settling Defendants that are not expressly included within Paragraph 15 (Covenant by the United States for the Settling Defendants) and Paragraph 17 (Covenant by the Commonwealth for the Settling Defendants), and the Federal Trustee and the Commonwealth reserve, and this Consent Decree is without prejudice to, all rights against the Settling Federal Agency not expressly included within Paragraph 16 (Covenant by the Federal Trustee for the Settling Federal Agency) and Paragraph 18 (Covenant by the Commonwealth for the Settling Federal Agency), regarding the following:

a. claims based on a failure by the Settling Defendants and/or the Settling Federal Agency, as the case may be, to comply with a requirement of this Consent Decree;

15

b.      liability for injunctive relief or administrative order enforcement under

CERCLA Section 106, 42 U.S.C. § 9606, or Chapter 21E Section 9, Mass. Gen. Laws ch. 21E,

§ 9;

c.      liability under CERCLA Section 107(a)(4)(A), 42 U.S.C. § 9607(a)(4)(A),

for costs of removal or remedial action incurred by the United States or the Commonwealth, or

liability under Chapter 21E Section 5(a)(1-5)(i), Mass. Gen. Laws ch. 21E, § 5(a)(1-5)(i), for

costs of removal or remedial action incurred by the Commonwealth;

d.      liability for any other costs incurred or to be incurred by the United States

or by the Commonwealth that are not within the definition of Natural Resource Damages;

e.      liability for damages for injury to, destruction of, or loss of natural

resources outside of the Site resulting from releases or threatened releases of hazardous

substances (or in the case of a separate claim by the Commonwealth under Chapter 21E, releases

or threatened releases of hazardous material and/or oil);

f.      liability arising from any release or threatened release of hazardous

substances (or in the case of a separate claim by the Commonwealth under Chapter 21E, releases

or threatened releases of hazardous material and/or oil) at or in connection with the Site after the

lodging of this Consent Decree; and

g.      criminal liability.

20.    *Special Reservations Regarding Natural Resource Damages.*  Notwithstanding

any other provision of this Consent Decree, the United States and the Commonwealth reserve the

right to institute proceedings against the Settling Defendants and/or the Settling Federal Agency

in this action or in a new action seeking recovery of Natural Resource Damages, including

reasonable costs of damages assessment, based on: (i) conditions with respect to the Site,

unknown to the Trustees as of the date of lodging of this Consent Decree, that result in releases

of hazardous substances (or in the case of the Commonwealth's separate Chapter 21E claim,

releases of hazardous material and/or oil) that contribute to injury to, destruction of, or loss of

Natural Resources; or (ii) information received by the Trustees after the date of lodging of this

Consent Decree that indicates that releases of hazardous substances (or in the case of the

Commonwealth's separate Chapter 21E claim, past releases of hazardous material and/or oil) at

the Site have resulted in injury to, destruction of, or loss of Natural Resources of a type

unknown, or of a magnitude greater than was known, to the Trustees as of the date of lodging of

this Consent Decree. For purposes of this Paragraph, information unknown to the Trustees shall

not include any information in the files of, or otherwise in the possession of, any one of the

individual Trustees, including, without limitation, any information provided to the Trustees

during settlement negotiations with the Settling Defendants, and all information in EPA's

administrative record for the Site as of July 1, 2024.

## XI. COVENANTS BY THE SETTLING DEFENDANTS AND THE SETTLING FEDERAL AGENCY

21.     *Covenants by the Settling Defendants.* The Settling Defendants covenant not to

sue and agree not to assert any claims or causes of action against the United States and the

Commonwealth, or their contractors or employees, with respect to Natural Resource Damages or

this Consent Decree, including but not limited to:

   a.     any direct or indirect claim for reimbursement of any payment for Natural

Resource Damages from the Hazardous Substance Superfund based on Sections 106(b)(2), 107,

111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

b.      any claim against the United States or the Commonwealth pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to Natural Resource Damages, provided that this covenant shall not apply to any such claims against the United States arising out of claims asserted by the United States and/or the Commonwealth in proceedings instituted pursuant to the Special Reservations Regarding Natural Resource Damages set forth in Paragraph 20 of this Consent Decree, and each of the Settling Defendants specifically reserve the right to assert such claims; and

c.      any claim against the Commonwealth pursuant to Sections 4A and 5 of Chapter 21E, Mass. Gen. Laws ch. 21E, §§ 4A and 5, relating to Natural Resource Damages.

22.     *Covenant by the Settling Federal Agency.* The Settling Federal Agency covenants not to assert any direct or indirect claims for reimbursement or refund of the amounts paid under Paragraph 9 against the United States, the Commonwealth, or the Settling Defendants.

23.     Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. § 300.700(d).

## XII.  EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

24.     Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. Each of the Parties expressly reserves any and all rights (including, but not limited to, any right to contribution),

defenses, claims, demands, and causes of action which each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto. Nothing in this Consent Decree shall affect the terms of the Consent Decree entered by the United States District Court for the District of Massachusetts on January 27, 2009 in the case titled *United States of America v. City of Attleboro, et al.*, Civil Action 1:08-cv-120378.

25.    The Parties agree and the Court finds that: (a) the complaints filed by the Plaintiffs in this action are civil actions within the meaning of section 113(f)(1) of CERCLA; (b) this Consent Decree constitutes a judicially approved settlement under which each Settling Defendant and the Settling Federal Agency has, as of the Effective Date, resolved its liability within the meaning of sections 113(f)(2) and 113(f)(3)(B) of CERCLA; and (c) the Settling Federal Agency and each Settling Defendant is entitled, as of the Effective Date of this Consent Decree, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are Natural Resource Damages.

26.    Each Settling Defendant shall, with respect to any suit or claim brought by it for matters addressed in this Consent Decree, notify the persons identified in Section XIII (Notices) no later than 60 days prior to the initiation of such suit or claim. Each Settling Defendant shall, with respect to any suit or claim brought against it for matters addressed in this Consent Decree, notify the persons identified in Section XIII (Notices) within 10 days after service of the complaint on such Settling Defendant. In addition, the Settling Defendants shall notify the persons identified in Section XIII (Notices) within 10 days of service or receipt of any Motion for Summary Judgment, and within 10 days after receipt of any order from a court setting a case for trial, for matters addressed in this Consent Decree. With respect to the Settling Federal

Agency, such Settling Federal Agency shall use best efforts to notify the Commonwealth and MassDEP regarding (i) any suit or claim brought by the United States on its behalf for matters addressed in this Consent Decree prior to the filing of such suit or claim and (ii) any suit or claim brought against it for matters addressed in this Consent Decree within 30 days after service of the suit or claim upon it is perfected.

27.    In any subsequent administrative or judicial proceeding initiated by the United States and/or the Commonwealth for injunctive relief, recovery of response costs or Natural Resource Damages, or other relief relating to the Site; neither the Settling Defendants nor the Settling Federal Agency, respectively, shall assert or maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States or the Commonwealth in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenants Not To Sue by the United States and the Commonwealth set forth in Section IX.  This Paragraph shall not apply to any Chapter 21E claim for the recovery of Natural Resource Damages resulting from the release of hazardous material and/or oil prior to June 23, 2022 at the Shpack Site brought by the Commonwealth against the Settling Federal Agency.

## XIII.  NOTICES

28.    Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one Party to another, it shall be directed to the individuals at the addresses set forth in Appendix C, unless those individuals or their successors give notice of a change to the other Parties in writing.  Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the

United States (including the Settling Federal Agency), the Commonwealth, and the Settling Defendants, respectively.

## XIV. APPENDICES

29.     The following appendices are attached to and incorporated into this Consent Decree:

"Appendix A" is a list of the Settling Defendants.

"Appendix B" is a map of the Site.

"Appendix C" is the list of addressees for Notice under Section XIII.

## XV. EFFECTIVE DATE AND RETENTION OF JURISDICTION

30.     This Effective Date of this Consent Decree is the date on which the Court's approval of this Consent Decree is recorded on the Court's docket.

31.     The Court shall retain jurisdiction to modify and enforce the terms and conditions of this Consent Decree and to resolve disputes arising hereunder as may be necessary or appropriate for the construction or execution of this Consent Decree.

## XVI. CONSENT DECREE MODIFICATIONS

32.     Any material modification of this Consent Decree shall be made by agreement of the Parties to this Consent Decree and in writing and shall not take effect unless approved by the Court. Any non-material modification of this Consent Decree shall be made by agreement of the Parties to this Consent Decree and in writing and shall not take effect until filed with the Court. Nothing in this Consent Decree shall be deemed to alter the Court's power to enforce, supervise, or approve modifications to this Consent Decree.

33.    The provisions of this Consent Decree are not severable. The Parties' consent hereto is conditioned upon the entry of the Consent Decree in its entirety without modification, addition, or deletion, except as agreed to by the Parties.

34.    Economic hardship or changed financial circumstances of the Settling Defendants shall not serve as a basis for modification of this Consent Decree.

## XVII.  LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

35.    This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment.  The United States and/or the Commonwealth reserve the right to withdraw or withhold its consent if comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate.  The Settling Defendants consent to the entry of this Consent Decree without further notice.  If for any reason the Court should decline to approve this Consent Decree in the form presented, or if approval and entry is subsequently vacated on appeal of such approval and entry, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XVIII.  SIGNATORIES/SERVICE

36.    The undersigned representatives of the Settling Defendants, the United States, and the Commonwealth each certify that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind such Party to this document. This Consent Decree may be executed in multiple counterparts, each of which shall be deemed an original, but all of which, taken together, shall constitute one and the same instrument.

37.    The Settling Defendants hereby agree not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree unless the United States or the Commonwealth has notified the Settling Defendants in writing that it no longer supports entry of the Consent Decree.

38.    The Settling Defendants shall identify, on the attached signature page, the name, address and telephone number of an agent who is authorized to accept service of process by mail on behalf of the Settling Defendants with respect to all matters arising under or relating to this Consent Decree.  The Settling Defendants hereby agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to service of a summons. The Parties agree that the Settling Defendants and the Settling Federal Agency, with respect to the Commonwealth's claim against it, need not file an answer to the complaints in this action unless or until: (i) the United States or the Commonwealth has notified the Settling Defendants or, with respect to the Commonwealth, the Settling Federal Agency, in writing that it no longer supports entry of this Consent Decree; or (ii) the Court expressly declines to enter this Consent Decree.

## XIX.  FINAL JUDGMENT

39.    This Consent Decree and its appendices constitute the final, complete, and exclusive understanding among the Parties with respect to the settlement embodied in the Consent Decree.  The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Decree.

23

40.    Upon approval and entry of this Consent Decree by the Court, this Consent
Decree shall constitute a final judgment between and among the United States, the
Commonwealth, and the Settling Defendants.  The Court enters this judgment as a final
judgment under Fed. R. Civ. P. 54 and 58.

**SO ORDERED.**

Date: *June 11, 2025*

*William A. Young*
UNITED STATES DISTRICT JUDGE

24

THE UNDERSIGNED PARTY enters into this Consent Decree in *United States, et al. v. Aerosols Danville, Inc., et al.* (D. Mass.) related to the Shpack Landfill Site in Attleboro and Norton, Massachusetts.

**FOR THE UNITED STATES OF AMERICA:**
TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

Date: 1/15/2025

Andrew W. Keir
Senior Counsel
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044 7611
andrew.w.keir@usdoj.gov
(202) 532-2228

Phillip R. Dupré
Senior Attorney
Environmental Defense Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044 7611
Phillip.R.Dupre@usdoj.gov
(202) 616-7501

JOSHUA S. LEVY
United States Attorney
District of Massachusetts

Hillary H. Harnett
Assistant United States Attorney
U.S. Attorney's Office
John J. Moakley U.S. Courthouse
One Courthouse Way, Suite 9200
Boston, MA 02210
Hillary.Harnett@usdoj.gov
(617) 748-3252

THE UNDERSIGNED PARTY enters into this Consent Decree in *United States, et al. v. Aerosols Danville, Inc., et al.* (D. Mass.) related to the Shpack Landfill Site in Attleboro and Norton, Massachusetts.

**FOR THE COMMONWEALTH OF MASSACHUSETTS:**

ANDREA JOY CAMPBELL
Attorney General

Date: 12/23/2024

SETH SCHOFIELD, BBO No. 661210
Senior Appellate Counsel
Energy and Environment Bureau
Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, Massachusetts  02108
seth.schofiled@mass.gov
617-963-2436


REBECCA L. TEPPER
SECRETARY OF ENERGY AND
ENVIRONMENTAL AFFAIRS

Date: 12/23/2024

REBECCA L. TEPPER
Secretary of Energy and Environmental Affairs
100 Cambridge Street, Suite 900
Boston, Massachusetts 02114

THE UNDERSIGNED PARTY enters into this Consent Decree in *United States, et al. v. Aerosols Danville, Inc., et al.* (D. Mass.) related to the Shpack Landfill Site in Attleboro and Norton, Massachusetts.

**FOR:  AEROSOLS DANVILLE, INC.**

10/2/24
Dated

Name:   Bill Saracco
Title:   CFO
Address: 6710 River Road, Hodgkins, IL 60525
Email:   Bill.Saracco@voyantbeauty.com
Phone:  312.953.8336

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name:    Jonathan A. Murphy
Title:    Partner
Company: Bleakley Platt & Schmidt, LLP
Address:  One North Lexington Avenue
          White Plains, NY 10601
Phone:   914.287.6165
Email:   jamurphy@bpslaw.com

THE UNDERSIGNED PARTY enters into this Consent Decree in *United States, et al. v. Aerosols Danville, Inc., et al.* (D. Mass.) related to the Shpack Landfill Site in Attleboro and Norton, Massachusetts.

**FOR:  Avnet, Inc.**

_10-02-24_
Dated

Name:   Darrel S. Jackson
Title:   Vice President, Corporate Secretary
Address:   2211 South 47th Street, Phoenix, AZ 85034
Email:   Darrel.jackson@avnet.com
Phone:   480 643 7267

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name:   Karen Davis
Title:   Partner
Company:   Fox Rothschild LLP
Address:   747 Constitution Drive, Suite 100
Exton, PA 19341
Phone:   610-458-6702
Email:   kdavis@foxrothschild.com

THE UNDERSIGNED PARTY enters into this Consent Decree in *United States, et al. v. Aerosols Danville, Inc., et al.* (D. Mass.) related to the Shpack Landfill Site in Attleboro and Norton, Massachusetts.

**FOR:**   Bank of America, N.A., Trustee u/w of Lloyd
          G. Balfour

10/10/2024
_____        *Melanie Khoury*
Dated              Name:    Melanie Khoury
                   Title:   Senior Vice President
                   Address: 1025 Main Street, Waltham, MA 02451
                   Email:   Melanie.khoury@bofa.com
                   Phone:   (617) 434-4898

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

|          |                              |
|----------|------------------------------|
| Name:    | Melanie Khoury               |
| Title:   | Senior Vice President        |
| Company: | Bank of America, N.A.        |
| Address: | 1025 Main Street, 2nd Floor  |
|          | Waltham, MA 02451            |
| Phone:   | (617) 434-4898               |
| Email:   | melanie.khoury@bofa.com      |

THE UNDERSIGNED PARTY enters into this Consent Decree in *United States, et al. v. Aerosols Danville, Inc., et al.* (D. Mass.) related to the Shpack Landfill Site in Attleboro and Norton, Massachusetts.

**FOR:    BASF Catalysts LLC**

Dated: 10/30/24

Name:    Catherine A. Trinkle
Title:    Vice President & Deputy General Counsel
          BASF Corporation
Address:  100 Park Avenue, Florham Park, NJ 07932
Email:    Catherine.trinkle@basf.com
Phone:    (973) 914-2834

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name:    Jonathan Harper
Title:    Vice President & Deputy General Counsel
Company: BASF Corporation c/o CT Corporation System
Address:  1999 Bryan Street, Suite 900
          Dallas, TX 75201
Phone:    (866) 401-8252
Email:    largecorporationteam@wolterskluwer.com

THE UNDERSIGNED PARTY enters into this Consent Decree in *United States, et al. v. Aerosols Danville, Inc., et al.* (D. Mass.) related to the Shpack Landfill Site in Attleboro and Norton, Massachusetts.

FOR:   Chevron Environmental Management Company, for itself and as Attorney-in-Fact for Kewanee Industries, Inc.

October 22, 2024
Dated

Name: Harpreet K. Tiwana
Title: Assistant Secretary
Address: 5001 Executive Parkway, San Ramon, CA 94583
Email: harpreettiwana@chevron.com
Phone: 925-842-1000

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name: Lindsey Moorhead
Title: Counsel for Chevron Environmental Management Company
Company: Jackson Walker
Address: 1401 McKinney, Suite 1900
Houston, TX 77010
Phone: 713-752-4465
Email: lmoorhead@jw.com

THE UNDERSIGNED PARTY enters into this Consent Decree in *United States, et al. v. Aerosols Danville, Inc., et al.* (D. Mass.) related to the Shpack Landfill Site in Attleboro and Norton, Massachusetts.

FOR:    <<CITY OF ATTLEBORO>>

10-4-24

Dated

Name:    Cathleen DeSimone
Title:    Mayor
Address:    77 Park Street, Attleboro MA  02703
Email:    mayor@cityofattleboro.us
Phone:    508-223-2222 x3221

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name:    Olympia A. Bowker
Title:    Esquire
Company:    Anderson & Kreiger LLP
Address:    50 Milk Street, 21st Floor
            Boston, MA  02109
Phone:    617-621-6508
Email:    obowker@andersonkreiger.com

THE UNDERSIGNED PARTY enters into this Consent Decree in *United States, et al. v. Aerosols Danville, Inc., et al.* (D. Mass.) related to the Shpack Landfill Site in Attleboro and Norton, Massachusetts.

### FOR:  CONOCOPHILLIPS COMPANY

October 7, 2024

_____
Dated

*W.J. Borgh*
_____

Name: William J. Borgh
Title: Manager – Risk Management & Remediation
Address: 935 N. Eldridge Pkwy, Office SP2-08-E306, Houston, TX 77079
Email: bill.borgh@conocophillips.com
Phone: 832-486-2701

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name: James F. Thompson
Title: Partner
Company: Shook, Hardy & Bacon, L.L.P.
Address: 2555 Grand Boulevard
Kansas City, Missouri 64108
Phone: (816) 559-0372
Email: jfthompson@shb.com

THE UNDERSIGNED PARTY enters into this Consent Decree in *United States, et al. v. Aerosols Danville, Inc., et al.* (D. Mass.) related to the Shpack Landfill Site in Attleboro and Norton, Massachusetts.

**FOR:   HANDY & HARMAN**

**10/14/24**
**Dated**

**Name:** Joseph Martin
**Title:** Authorized Person
**Address:** 590 Madison Avenue, 32nd Floor, New York, NY 10022
**Email:** jmartin@steelpartners.com
**Phone:** (470) 597-2249

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

**Name:** Joseph Martin
**Title:** Authorized Person
**Company:** Handy & Harman
**Address:** 590 Madison Avenue, 32nd Floor
New York, New York 10022
**Phone:** (470) 597-2249
**Email:** jmartin@steelpartners.com

THE UNDERSIGNED PARTY enters into this Consent Decree in *United States, et al. v. Aerosols Danville, Inc., et al.* (D. Mass.) related to the Shpack Landfill Site in Attleboro and Norton, Massachusetts.

FOR:   **INTERNATIONAL PAPER COMPANY**

10/24/24
Dated

Name:   Brian E. Heim
Title:   General Counsel, EHS & Sustainability
Address:   6400 Poplar Avenue, Memphis, TN  38197
Email:   Brian.Heim@ipaper.com
Phone:   901-419-3824

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name:   Brian E. Heim
Title:   General Counsel, EHS & Sustainability
Company:   International Paper Company
Address:   6400 Poplar Avenue
Memphis, TN  38197
Phone:   901-419-3824
Email:   Brian.heim@ipaper.com

THE UNDERSIGNED PARTY enters into this Consent Decree in *United States, et al. v. Aerosols Danville, Inc., et al.* (D. Mass.) related to the Shpack Landfill Site in Attleboro and Norton, Massachusetts.

**FOR: SWANK HOLDINGS, INC.**

October 7, 2024
Dated

Name: David J. Adler
Title: General Counsel
Address: 417 Fifth Avenue, Fl. 11, New York, NY 10016
Email: David.adler@randa.net
Phone: 212-478-4742

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name: David J. Adler
Title: General Counsel
Company: Swank Holdings, Inc.
Address: 417 Fifth Avenue, Fl. 11
New York, NY 10016
Phone: 212-478-4742
Email: David.adler@randa.net

THE UNDERSIGNED PARTY enters into this Consent Decree in *United States, et al. v. Aerosols Danville, Inc., et al.* (D. Mass.) related to the Shpack Landfill Site in Attleboro and Norton, Massachusetts.

**FOR:  Teknor Apex Company**

October 17, 2024
_____                    _____
Dated                                       Name:  Edward T. Massoud
                                                  Title:  Treasurer
                                                  Address:  505 Central Avenue, Pawtucket, RI  02861
                                                  Email:  EMassoud@teknorapex.com
                                                  Phone:  (401) 642-3346

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name:  EDWARD T. MASSOUD
Title:  TREASURER
Company:  TEKNOR APEX COMPANY
Address:  505 CENTRAL AVENUE
               PAWTUCKET RI 02861
Phone:  401-642-3346
Email:  emassoud@teknorapex.com

THE UNDERSIGNED PARTY enters into this Consent Decree in *United States, et al. v. Aerosols Danville, Inc., et al.* (D. Mass.) related to the Shpack Landfill Site in Attleboro and Norton, Massachusetts.

**FOR:    Texas Instruments**

Dated    10|15|24

Name:    Heidi Means
Title:    Vice President, ESH & Sustainability
Address:    13570 N. Central Expressway, MS 3960
Dallas, TX 75243
Email:    h-means2@ti.com
Phone:    214-878-7084

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name:    Heidi Means
Title:    Vice President, ESH & Sustainability
Company:    Texas Instruments
Address:    13570 N. Central Expressway, MS 3960
Dallas, TX 75243
Phone:    214-878-7084
Email:    h-means2@ti.com

THE UNDERSIGNED PARTY enters into this Consent Decree in *United States, et al. v. Aerosols Danville, Inc., et al.* (D. Mass.) related to the Shpack Landfill Site in Attleboro and Norton, Massachusetts.

FOR:    **Waste Management of Massachusetts, Inc.**

10/18/24
Dated

Name:    Stephen T Joyce
Title:    Senior Director, ELMG
Address:    4 Liberty Lane West, 4th Floor
            Hampton, NH 03842
Email:    SJoyce@wm.com
Phone:    603-498-1795

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name:    _____
Title:    _____
Company:    CT Corporation System
Address:    155 Federal Street, Suite 700
            Boston, MA 02110-0000
Phone:    800-925-7562
Email:    _____

THE UNDERSIGNED PARTY enters into this Consent Decree in *United States, et al. v. Aerosols Danville, Inc., et al.* (D. Mass.) related to the Shpack Landfill Site in Attleboro and Norton, Massachusetts.

FOR:   **TOWN OF NORTON, MA**

*10-16-2024*
Dated

Name:   Michael D. Yunits
Title:   Town Manager
Address:   72 East Main Street Norton MA 02766
Email:   myunits@nortonmaus.com
Phone:   508-285-0210

If the Consent Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this named Defendant agrees to accept service of the Complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Defendant hereby designates the agent below to accept service of the Complaint by mail and to execute the Rule 4 waiver of service.** In the event that this Defendant has executed the waiver of service and returned it to the United States, or otherwise has been served with the Complaint, the time within which this Defendant must file an Answer to the Complaint is as set forth in the Federal Rules of Civil Procedure and any applicable local rules of this Court, unless that time is extended by the Court.

Name:   Michael D. Yunits
Title:   Town Manager
Company:   Town of Norton
Address:   70 East Main Street
Norton, MA  02766
Phone:   508-285-0210
Email:   myunits@nortonmaus.com